Charles A. Loreto, J.
Motion by respondent Remington Rand, Division of Sperry Rand Corporation, for an order, pursuant to subdivision 2 of section 1458 of the Civil Practice Act, staying a proposed arbitration with respect to the alleged right of the company’s tabulator machine servicemen to be trained on the company’s Solid State Computer, or any similar issue *222 In opposition, the petitioner union seeks an order, pursuant to article 84 of the Civil Practice Act, to compel respondent to arbitrate the grievances concerning respondent’s refusal to train such personnel.
The company and the union are parties to a current and subsisting collective bargaining agreement, dated March 17, 1958, covering the tabulating servicemen in the company’s New York branch. On June 1, 1959 the union served the company its notice, pursuant to section 1458 of the Civil Practice Act, to arbitrate its claimed grievance that respondent violated said bargaining agreement, in failing to train two tabulating servicemen from a union office in each of the first two training classes on the Solid State Computer.
Sections 22 and 24 of the agreement are pertinent, and read as follows:
“ 22. When the Company introduces new equipment, service of which requires a higher degree of skills not previously utilized, the Company and the Union will promptly negotiate pay grade and pay rate for service of the said new equipment. The Company agrees to train two (2) tabulating machine men from a Union office in each of the first two (2) training classes on the new equipment. The Company and the Union will make every effort to resolve the question of pay grade and pay rate but if these efforts fail, the Company may establish pay grade and rate.
“ If the Union disputes the Company’s decision as to the job rates, the matter shall be taken up through the Grievance Procedure. However, should the dispute be referred to arbitration, the Board of Arbitration shall be restricted to a comparison of existing jobs in the department and the slotting must be in conformity with the existing wage structure. If the Board of Arbitration adjusts upward the labor grade assigned, the adjustment to employees on the job shall go back to the date of original assignment to the job for the time worked on the job.
“ 24. For the purpose of this Agreement, the term ‘ grievance ’ means any dispute between the Company and the Union or between the Company and any employee(s) concerning the interpretation or application of any provision of this Agreement.”
The respondent claims that under the agreement it has the right to assign new equipment to the service department which in its judgment is best suited according to past practice, and that the purpose of the provision of the agreement invoked is to establish a negotiation procedure for arriving at the pay rate if and when new tabulating equipment would be introduced into *223 the tabulating service department, and that there is no obligation that the company assign to its tabulating service department all or any of the new products it develops.
The union, on the other hand, also relying upon the same section of the agreement, contends that the Solid State Computer is new equipment within the purview of that provision, as it was intended to and did replace some of the equipment that had been serviced by the company’s tabulating service department, and contends that the election of respondent company to assign the servicing of the computer to a new service department was unjustified and arbitrary and designed to circumvent the express provision of section 22 of the agreement. It further argues that if the contention of respondent company were upheld, it could choose to assign new models of even the simplest tabulating machines to a department other than the tabulating service department and thus gradually eliminate and render obsolete this department.
Respondent also maintains that the grievance raised by petitioner is frivolous and barred by a prior arbitration award. In this connection, respondent has failed to make out a clear case for the application of the doctrine of res judicata, as petitioner sets forth facts showing that the matter in issue here is not identical with the facts at issue in the prior dispute.
The issues presented before the court by the respondent company’s motion to stay arbitration are narrow. The only questions presented by a motion pursuant to section 1458 of the Civil Practice Act are whether (1) there is a contract to arbitrate, (2) there is a fact in dispute, and (3) refusal to arbitrate (Matter of Potoker [Brooklyn Eagle], 2 N Y 2d 553; Matter of Lipman [Haeuser Shellac Co.], 263 App. Div. 880, affd. 289 N. Y. 76).
Upon the papers presented, the court is of the opinion that the union has established an arbitrable dispute within the broad terms of the arbitration clause of the agreement. Since the contract provides for arbitration and a refusal to arbitrate is admitted, the relief sought by the union should be granted. In making this disposition, the court is not motivated by the merits of the controversy and does not express any opinion in connection therewith.
Finally, the doctrine of Federal pre-emption claimed by respondent has no application to the facts presented in the grievance raised, as jurisdiction is not sought over any additional group of employees and no National Labor Relations Board proceeding is pending, and section 22 of the arbitration *224 agreement raises an arbitrable issue. It is clear that the union is not attempting to represent additional employees, but is merely seeking to secure the jobs of tabulating employees it already represents by attempting to enforce the applicable clause of the collective bargaining agreement (Matter of Aaron-son Bros. Paper Co. v. Fishko, 144 N. Y. S. 2d 643, affd. 286 App. Div. 1009; Matter of Local 138, Int. Brotherhood of Teamsters, N. Y. L. J., June 19, 1957, p. 6, col. 8; Matter of Allen B. Du Mont Laboratories [Baker], 154 N. Y. S. 2d 394).
Accordingly, the motion to stay arbitration is denied and the motion to compel arbitration is granted.
Settle order.